# EXHIBIT 4

Case 2:25-cv-00659-JRG-RSP   Document 1-4   Filed 06/25/25   Page 2 of 8 PageID #: 64

25-0369

Filed 6/16/2025 12:29 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Lori Hightower
Deputy

CASE NO. 25-0369

| | | |
|---|---|---|
| **MARCIA BAYER** | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| | § | HARRISON COUNTY, TEXAS |
| **DELTA AIRLINES** | § | |
| | § | |
| **Defendant.** | § | |
| | § | 71ST JUDICIAL DISTRICT |
| | § | |
| | § | |

### DEFENDANT DELTA AIR LINES, INC.'S ORIGINAL ANSWER

COMES NOW Defendant Delta Air Lines, Inc. (incorrectly named "Delta Airlines") (hereinafter "Defendant" or "Delta") and files its Original Answer, General Denial, and Affirmative Defenses, and respectfully shows the Court as follows:

### I.
### GENERAL DENIAL

1. Delta generally denies the allegations against it as contained in Plaintiff's First Amended Petition for Damages with Disclosures and demands strict proof thereof in accordance with Rule 92 of the Texas Rules of Civil Procedure.

### II.
### DEFENSES[1]

2. Subject to and without waiving the foregoing, Delta asserts the following defenses which shall, singly or in combination, bar Plaintiff's rights to recover, in whole or in part, the relief sought in Plaintiff's First Amended Petition for Damages. To the extent necessary, each of the defenses set forth below is pleaded in the alternative.

---

[1] By listing a defense in this section, Delta is not assuming the burden of proof for that defense, unless the applicable law otherwise gives Delta the burden.

1

3. Plaintiff has failed to state a claim for relief, in whole or in part.

4. Plaintiff is not entitled to emotional distress damages.

5. Plaintiff's negligence claim is barred, in whole or in part, because Plaintiff's claims and damages, if any, are governed by contractual terms and conditions.

6. Some or all of Plaintiff's claims or damages may be governed by another state's law, including without limitation, Georgia law; or by another country's law, including without limitation Brazillian law.

7. Delta asserts that, to the extent Plaintiff's damages, if any, were proximately caused by Plaintiff, Plaintiff's recovery in this lawsuit is diminished and/or barred through comparative fault and similar substantive doctrines. The fault of the Plaintiff must be compared under the applicable substantive law, including without limitation Chapter 33 of the Texas Civil Practice & Remedies Code; GA Code §51-12-33; other applicable law; and/or the common law governing comparative fault, contribution and/or indemnity.

8. Delta asserts that Plaintiff's damages and losses, if any, were caused by persons and entities other than Delta Air Lines, Inc. and/or its agents and/or employees, and that such persons and entities were not within the control of the Delta Air Lines, Inc. or its agents and/or employees; as such, the fault of all parties must be compared under the applicable substantive law, including without limitation Chapter 33 of the Texas Civil Practice & Remedies Code; GA Code §51-12-33; other applicable law; and/or the common law governing comparative fault, contribution and/or indemnity.

9. Some or all of Plaintiff's damages were not caused by Delta.

10. Delta asserts that some or all of Plaintiff's alleged damages were not foreseeable, were too remote, were not within the contemplation of the contract, or were too speculative to be actionable as to Delta.

11. Delta affirmatively asserts that if Plaintiff failed to mitigate her damages and losses, if any, then her recovery should be reduced accordingly.

12. Delta invokes all limitations or caps on non-economic damages under applicable substantive law. Delta invokes all rights, remedies, and elections afforded pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code. Alternatively, Delta invokes all rights, remedies and elections under Georgia law, including without limitation GA Code, Title 51, Chapter 12 and SB68.

13. In the event one or more of the parties in this case, or any party or non-party providing benefits to Plaintiff have settled Plaintiff's claims against them or any part thereof, including provision of any benefit prior to judgment, Delta asserts that it would be entitled to a credit for the amounts paid by the settling party, either dollar for dollar, percentage reduction, or the statutory formula, or to a setoff in the form of a percentage of pro-rata reduction of its liability to Plaintiff, in the unlikely event that Delta is found to be liable to Plaintiff.

14. Delta asserts in the alternative that the alleged facts in the First Amended Petition for Damages, in whole or in part, were a result of a new and independent cause. The alleged facts were the result of an act or omission of a separate and independent agency which destroyed the causal connection, if any, between Defendant's alleged acts or omissions and the alleged incident and the damages for which recovery is sought. These acts or omissions of a separate and independent agency intervened and became the immediate cause of the incident, and the damages alleged in the First Amended Petition for Damages. The sole and/or proximate cause of Plaintiff's

claims occurred under circumstances and events over which Defendant had no control and no responsibility.

15. Delta asserts that, if Plaintiff's alleged damages are a result of and were proximately caused by an act of God and not the result of acts or omissions of Defendant, then she should not recover against Delta.

16. Delta complied with all applicable contract terms, laws and regulations.

17. Delta performed all of the terms and conditions of the contracts between the parties, if any, which were to be performed by Delta in accordance with such terms and conditions of the contracts.

18. Plaintiff's claims and alleged damages, are barred or limited in whole or in part, by the applicable contract terms and conditions, including without limitation those found within the applicable Conditions of Carriage.

19. Delta asserts all rights and limitations of the treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and that Plaintiff's claims and damages are barred, in whole or in part, by the provisions of the Montreal Convention.

20. Under the Montreal Convention, Delta's tariffs and conditions of carriage set forth in the relevant contract of carriage, and/or other applicable law. Delta is not liable to Plaintiff for the loss or damages described in the First Amended Petition for Damages, or its liability, if any, is limited.

21. Among other provisions, Plaintiff's claims are barred or limited under Article 22(1) of the Montreal Convention, which limits Delta's liability to Plaintiff, if any, for claims relating to passenger delay to a maximum of 5,346 SDRs in provable damages.

22. Plaintiff did not serve a timely Notice of Claim pursuant to Article 31 of the Montreal Convention.

23. To the extent the First Amended Petition for Damages can be read to assert state law claims against Delta Air Lines, Inc., those claims are preempted, in whole or in part, by the Montreal Convention and/or United States federal law governing aviation, including the Federal Aviation Act, 49 U.S.C. §40101 et seq.; the Airline Deregulation Act, 92 Stat. 1705; the Air Carrier Access Act, 49 U.S.C. §41705; 49 U.S.C. §41713; 49 U.S.C. §41728; similar statutes; and the federal aviation regulations issued by the Federal Aviation Administration.

24. Plaintiff's First Amended Petition for Damages and each and every cause of action are barred, in whole or in part, because Delta's conduct was in conformity with, and was pursuant to the applicable duty standard of care, statutes, governmental regulations and industry standards.

25. Delta reserves that right to plead further defenses as discovery and the parties' position reveals.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Delta Air Lines, Inc., prays that Plaintiff takes nothing by this suit against Delta Air Lines, Inc.; that Delta Air Lines, Inc. be dismissed from this suit; that Delta Air Lines, Inc. by awarded such other and further relief, whether at law or in equity, to which it may show to be justly entitled.

Respectfully submitted,

*/s/ Ross Cunningham*
M. Ross Cunningham
F. David Denny
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75208
Phone: 214-646-1495
Facsimile: 214-613-1163
rcunningham@cunninghamswaim.com
ddenny@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of June, 2025, all counsel of record were served with this document in accordance with the applicable Texas Rules of Civil Procedure. A true and correct copy of the following was sent via email to Plaintiff, Marcia Bayer, via her preferred method of contact: marciabayer2@gmail.com.

*/s/ Ross Cunningham*
M. Ross Cunningham

6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jodi Jesser on behalf of Michael Cunningham
Bar No. 24007062
jjesser@cunninghamswaim.com
Envelope ID: 102049778
Filing Code Description: Original Answer
Filing Description:
Status as of 6/16/2025 3:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Marcia Bayer | | marciabayer2@gmail.com | 6/16/2025 12:29:07 PM | SENT |
| Jodi Jesser | | jjesser@cunninghamswaim.com | 6/16/2025 12:29:07 PM | SENT |
| E File | | filing@cunninghamswaim.com | 6/16/2025 12:29:07 PM | SENT |
| David Denny | | ddenny@cunninghamswaim.com | 6/16/2025 12:29:07 PM | SENT |
| Michael RossCunningham | | rcunningham@cunninghamswaim.com | 6/16/2025 12:29:07 PM | SENT |
| Alex KBeekman | | abeekman@cunninghamswaim.com | 6/16/2025 12:29:07 PM | SENT |